UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Emem Ufot Udoh, | Case No. 16cv4174 (PAM/HB) |
| Petitioner, | |
| v. | **ORDER** |
| Becky Dooley, Warden, | |
| Respondent. | |

This matter is before the Court on Petitioner Emem Ufot Udoh's Motion for Extension of Time to file Notice of Appeal, and a "Rule 59 Motion to Reconsider."

Because Udoh filed a motion under Rule 59, the time for him to file an appeal does not begin to run until the Court rules on that motion. Fed. R. App. P. 4(a)(4)(A)(iv). Thus, Udoh's Motion for Extension of Time to file Notice of Appeal is moot. However, the Court will deny the Rule 59 Motion and it is likely that Udoh will once again request an extension of time to file an appeal from that denial. The Court is sympathetic to the difficulties incarcerated persons face when filing pro se appeals. Thus, the Court will allow Udoh an additional 30 days, for a total of 60 days, to file a notice of appeal should he wish to do so. Id. R. 4(a)(5)(C).

Although Udoh captions his Rule 59 Motion as one to reconsider, the Rule he invokes does not provide a basis for reconsideration of a previous order. Rather, Rule 59(e) allows a party to move to alter or amend the judgment. And it appears that this is the relief Udoh seeks, as he requests that the Court to amend its Order (Docket No. 19)

and grant him a certificate of appealability on a claim he raised for the first time in his reply memorandum. This new claim alleges that the prosecutor's use of videos of the victims' interviews at CornerHouse, and those interviews themselves, as well as physical examinations of the victims, constituted unreasonable seizures under the Fourth Amendment and somehow violated Udoh's due-process rights. (Pet'r's Reply Mem. (Docket No. 18) at 23-25.)

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006). A motion under Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Udoh has no newly discovered evidence, instead presenting the Court with additional and lengthy argument regarding the propriety of the trial court's admission of the CornerHouse videos. But as this Court previously found, Udoh did not present this claim to the state courts. (Docket No. 19 at 2 n.1.) He is therefore procedurally barred from raising the claim here, whether in his Petition itself or in a Rule 59 Motion. Duncan v. Henry, 513 U.S. 364 (1995). The only exception to this procedural bar is if Udoh demonstrates cause for the default and actual prejudice, or that "a failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). He does not attempt to demonstrate any cause for his failure to raise this issue previously. And he has not established a fundamental miscarriage of

justice, as his claim regarding the victims' interviews and physical examinations is legally meritless in any event.

This procedural bar is especially applicable here, because this claim is unexhausted. Udoh did not raise it in his direct appeal, and did not bring any motion for postconviction relief under Minnesota law. Minnesota has a two-year statute of limitations for bringing postconviction motions. Minn. Stat. § 590.01, subd. 4. Udoh's conviction became final in October 2016, when the United States Supreme Court declined to grant Udoh certiorari. He is still within Minnesota's two-year limitations period, and thus he can present this claim to the state courts. He must do so before attempting to secure federal habeas relief on that claim, or the claim is unexhausted as well as procedurally barred. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (noting that the exhaustion requirement gives state courts "a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts").

Udoh has not established that relief is appropriate under Rule 59. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Motion for Extension of Time to File Notice of Appeal (Docket No. 21) is **DENIED as moot**;

2. The Rule 59 Motion to Reconsider (Docket No. 26) is **DENIED**; and

3. Udoh may file a Notice of Appeal no later than **SIXTY DAYS** after the entry of this Order.

Dated: <u>July 17, 2017</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
