UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Emem Ufot Udoh,                                        Civ. No. 16-4174 (PAM/HB)

                    Petitioner,

v.                                                                    **ORDER**

Becky Dooley, Warden, MCF – Moose
Lake Prison,

                    Respondent.

This matter comes before the Court on Petitioner Emem Ufot Udoh's Renewed

Motion to Vacate the Judgment and Order under Rule 60(b)(6).

Udoh was convicted in state court of criminal sexual conduct involving contact with

his two minor stepdaughters.  State of Minnesota v. Udoh, No. A14-2181, 2016 WL

687328 (Minn. Ct. App. Feb. 22, 2016).  Udoh sought federal habeas relief, raising six

grounds for relief.  This Court denied Udoh's habeas petition on the merits on July 6, 2017.

(Docket No. 19.)  Udoh then moved under Rule 59 to amend his judgment, which this

Court denied because Udoh presented additional argument on a claim he had failed to

present to the state courts.  (Docket No. 31.)  Udoh then requested that this Court reconsider

its decision to deny a certificate of appealability.  Udoh's request was denied and the Eighth

Circuit affirmed.  (Docket Nos. 43, 49.)

Approximately two years later, Udoh sought to reopen this proceeding; the Eighth

Circuit denied Udoh authorization to file a successive habeas petition. (Docket No. 54.)

Udoh then moved in this Court under Rule 60(a) to vacate judgment asserting that victims

had recanted their trial testimony.  This Court denied Udoh's request because a state postconviction matter was still ongoing.  (Docket No. 58.)  Udoh moves anew under Rule 60 to vacate judgment.

When reviewing a purported Rule 60(b) motion following dismissal of a habeas petition, courts are to conduct "a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254."  Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). A Rule 60(b) motion constitutes a successive habeas claim if it asserts "a federal basis for relief from a state court's judgment of conviction" or attacks the "federal court's previous resolution of the claim on the merits."  Williams v. Kelley, 858 F.3d 464, 470 (8th Cir. 2017) (quotation and emphasis omitted).  Conversely, no habeas claim is presented if the Rule 60(b) motion attacks a defect in the previous federal habeas proceedings or a previous ruling precluding a merits determination was in error. Id. (citing Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005)).

Here, Udoh's Rule 60(b) motion attacks this Court's previous resolution of his habeas claim on the merits.  Udoh seeks to vacate this Court's decision, arguing that a March 2, 2020, state court decision concludes that Udoh exhausted a particular claim on direct appeal. (Docket No. 70, at 3–4.)  But contrary to Udoh's arguments that this Court found his claims to be unexhausted and procedurally barred, this Court decided Ground Four of his habeas petition—the claim he asserts was decided in error—on the merits, finding that the state courts' resolution of the claim was not unreasonable or contrary to federal law.  (Docket No. 19, at 8–10.)

Rather than correct an error in the previous judgment, Udoh seeks to litigate his habeas claim, asserting "Respondent perpetrated fraud on the Court and on Petitioner" by excluding exculpatory evidence. (Id. at 23–24.)   The evidence Udoh references is "impeachment evidence related to the threats, demands, the pressure, the coaching, the coercions, the benefits, and the promises made to [the two minor victims] to give a trial testimony against [Udoh] in 2014." Id. at 24.)   Udoh then explains a lengthy cause-and-effect chain: withholding this evidence denied Udoh due process, which denied him the right to full and fair access to the courts, which impugns the federal habeas proceeding leading to denial of his habeas petition. (Id.)   Thus, Udoh asserts that the previous habeas decision is invalid because "this court did not consider these alleged misrepresentations, mistake, inadvertence, surprise, excusable neglect, fraud, etc., by Respondent when this court denied [Udoh's] writ of habeas corpus." (Id.)   Habeas petitions, not Rule 60, are the proper vehicle to relitigate or make new claims for relief from a conviction.   United States v. Matlock, 107 F. App'x 697, 698 (8th Cir. 2004) ("This court has consistently held that inmates may not bypass section 2244(b)(3)'s requirement for authorization by purporting to invoke some other procedure.").

Moreover, Udoh fails to demonstrate "extraordinary circumstances" that would justify relief from judgment under Rule 60(b)(6).  Gonzalez, 545 U.S. at 535.  While Udoh himself does not describe in detail the facts that constitute the fraud upon which he relies, another court in this District observed in one of Udoh's cases stemming from his state court conviction:

In April 2018, Emem sought post-conviction relief in state court on various grounds, including two affidavits allegedly written by K.K.W. and K.C.W. In those affidavits, K.K.W. and K.C.W. recanted their prior testimony and swore that Emem had not sexually abused them. The affidavits were filed in Hennepin County District Court, and an evidentiary hearing was held to determine whether Emem was entitled to post-conviction relief based on the victims' recantations. On direct examination by Emem (appearing pro se), both girls testified that Emem had not sexually abused them and that they had been coerced into testifying against Emem at his 2014 trial. The court found that the girls' testimony was not credible, that the Udohs had orchestrated the girls' recantations, and that Emem was not entitled to post-conviction relief.

Udoh v. Minn. Dep't of Human Servs., No. 16-cv-3119, 2020 WL 2468743, at *1 (D. Minn. May 13, 2020) (Schiltz, J.) (citations omitted).  The court further explained:

The [state] court's decision was based in part on a series of recorded jail calls between the Udohs. In one call, Emem spelled the word "recantation" for Tonya. In others, the Udohs quoted sections of what would ultimately become the victims' affidavits back and forth to each other, editing as they went. And in yet another, the Udohs discussed questions that their daughters were likely to face at the upcoming evidentiary hearing along with proposed answers.

Id. at *1 n.3.  The serious doubts as to the veracity of Udoh's claims expressed by these courts undercut any extraordinary circumstances that could underpin Udoh's Rule 60 motion.

Because Udoh's Rule 60 motion is a second or successive habeas claim, this Court must either dismiss it or transfer it to the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3); Boyd, 304 F.3d at 814.  Because Udoh has already brought a version of the present claim in a prior habeas petition, this Court will dismiss it.  28 U.S.C. § 2244(b)(1). Udoh has demonstrated he understands that he must seek approval from the Eighth Circuit prior to filing additional habeas claims.  (Docket No. 54 (January 27, 2020 Eighth Circuit

Order denying authorization for file a successive habeas petition).)   Accordingly, it is appropriate to dismiss Udoh's filing for noncompliance with § 2244(b)(3).

Finally, this Court concludes no certificate of appealability shall issue. See United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam).  Reasonable jurists cannot differ as to whether Udoh has received authorization from the Eighth Circuit to file a successive habeas claim.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (noting standard for Certificate of Appealability).

Accordingly, **IT IS HEREBY ORDERED that**:

1.    Petitioner Emem Ufot Udoh's Renewed Motion to Vacate the Judgment and Order under Rule 60(b)(6) (Docket No. 70) is **DENIED**;

2.    Petitioner Emem Ufot Udoh's Motion and Application to Proceed IFP in this Court and for Any Subsequent Appeal (Docket No. 69) is **DENIED AS MOOT**; and

3.    A Certificate of Appealability is **DENIED**.

Dated: July 14, 2020                                    *s/ Paul A. Magnuson*
                                                                  Paul A. Magnuson
                                                                  United States District Court Judge